UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANGELA MOORE,

              Plaintiff,

  v.

TACOMA PIERCE COUNTY
HEALTH DEPARTMENT, et al.,

              Defendant.

CASE NO. 3:25-cv-05921-BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Theresa Fricke's Order granting pro se plaintiff Angela Moore leave to proceed *in forma pauperis*, Dkt. 2. Moore's first proposed complaint, Dkt. 3, did not state a plausible claim, and the Court allowed Moore to amend. Dkt. 5. Moore subsequently filed an amended complaint. Dkt. 7.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it

ORDER - 1

ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Moore's amended complaint does not state a plausible claim. She alleges her former employer, Tacoma Pierce County Health Department, denied her "access to internal systems" while she was on medical leave and did not respond to her repeated requests for "clarification regarding leave status, pay, employment status, and

accommodation." Dkt. 7 at 3. She alleges she "has not received a regular paycheck since approximately July 19, 2025," although her position was terminated in December. *Id.* at 4. She claims the program she "launched and led remained funded," despite the Department terminating her for "budgetary reasons." *Id.* at 5. She brings Family and Medical Leave Act (FMLA), Americans with Disabilities Act (ADA), and retaliation claims against the Department.

Moore's amended complaint does not articulate sufficient facts to state a plausible claim. Her allegations are wholly conclusory and do not allow the Court to infer how the Department's conduct violated her federal rights. Her amended complaint does not meet the pleading standard under *Iqbal* and *Twombly*.

The Court already permitted Moore to amend her complaint. She does not articulate sufficient facts to state a plausible claim. This case is **DISMISSED without prejudice**. The Clerk shall close the case.

IT IS SO ORDERED.

Dated this 21st day of January, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3